WILFRED R. WOOD *et al., Receivers* v. J. Q. DICKINSON & COMPANY

(No. 7862)

Submitted November 20, 1934. Decided December 22, 1934.

*W. E. R. Byrne,* for plaintiff in error.
*Owen, Silverstein & Davis,* for defendants in error.

WOODS, PRESIDENT:

This is an action by notice of motion. Defendant prosecutes error from an adverse judgment.

On November 11, 1930, the defendant company, by its president, entered into a contract with the plaintiffs herein, whereby, in consideration of the sum of $12,-136.60, to be paid in certain installments, the plaintiffs agreed to furnish and install certain machinery and equipment to be used by the defendant in the evaporation of salt brine, produced from wells, into its salt content. This contract provided for tests in accordance with the American Society of Mechanical Engineers Test Code for the purpose of determining, among others, the evaporating capacity of the evaporation pans; the same to be "run within thirty days after purchaser shall have received notice from the company that the equipment furnished" was ready for testing. It was also provided in the contract that "no modifications of this agreement shall be binding upon the parties or either of them unless such modification shall be in writing, duly accepted by the purchaser, and approved by an executive officer of the company," etc. Early in September, 1931, and after the equipment had been installed, the plaintiffs sent their Mr. Wood, an engineer, upon the ground for the purpose of supervising and conducting the test. The latter was not impressed with the means provided by defendant for measuring the volume of brine going into the evaporation pans, and so informed his superiors. He was advised, by telegram, to cooperate in the test, but to inform defendant that the New York office would "question the accuracy (of) methods proposed by him." Although such information, according to Mr. Wood, was passed

along to the president of defendant company prior to the making of the tests, the latter says that he has no recollection of any such notice.

A test was made on September 29, 1931, at which Mr. Wood observed and took notes, but did not supervise. The evaporation, based on the volume of water, as per "weir" estimates, going into the pans, fell short of the guaranty. On a second test, made the following day, Mr. Wood obtained additional data to be used in making up a heat balance. Sometime thereafter he submitted a report to the defendant, which showed that, by use of the "weir" as a means of measurement, the equipment failed by 24% to measure up to the evaporation guaranty. This report also contained calculations based on heat balances, showing that the equipment was really up to the guaranty.

The action is for $1,782.31, which includes $1,516.50 due on contract, $126.24 for additional parts, and $139.57 for interest. The defendant filed its plea of general issue, accompanied by its counter affidavit, denying all liability, and filed a plea of recoupment. The defense was based on the theory that Mr. Wood's participation in the test amounted to a waiver of the provisions of the American Society of Mechanical Engineers Test Code in so far as the "weir" as a means of measurement was concerned, and that the equipment, based on such measurement, had failed by 24% to meet the guaranty, whereby the defendant was entitled to recoup to the full extent of the plaintiffs' claim.

In support of their claim, plaintiffs introduced their contract with the defendant company, and then proved by the latter's president that the various consignments of equipment had been received and installed. Testimony was also submitted to the effect that they had substantially complied with all the terms and conditions of the contract with reference to the installation and the performance of the equipment; and that the sum set out in their notice and affidavit is still due and owing.

The jury found in favor of the plaintiffs for the full amount of their claim, and the trial court, after overrul-

ing the defendant's motion to set aside the verdict, entered judgment for the plaintiffs.

The defendant complains of the giving of the one instruction offered by plaintiffs to the effect that the contract constitutes the agreement between the parties and as stated therein no modifications thereof shall be binding upon either party unless such modifications shall be in writing duly accepted by the purchaser and approved by an executive officer of the plaintiff. This embodied the plaintiffs' theory of the case, and was properly given.

Objection is also taken to the modification of defendant's instruction No. 1, which, in its original form, told the jury that "if the evaporating capacity failed in any substantial degree to fill requirements, then it was a breach on the part of plaintiff," etc. The court merely inserted after the quoted portion of the instruction the words, "and that such failure, if any, was not due to default on the part of the defendant in the way of compliance with its obligations under the contract." This was not error. Defendant's Nos. 2, 3 and 4, based on the theory of waiver, were properly refused, in the absence of any showing of waiver as required by contract.

The proffered argument of defendant before the jury, with regard to a letter from the collection department relative to balance due under contract, was properly rejected, in view of the express terms of the contract. The mere fact that the letter made mention of a "test" did not estop plaintiffs from invoking the terms of their contract as to how the same could be altered.

This brings us to the item of $126.24, heretofore mentioned. The president of defendant company, although admitting that the parts included in this item were received, denies liability on the ground that they were to replace defective parts.

The contract states specifically that no obligation to replace defective parts shall attach unless the same shall have been proved to be defective at the time of shipment within one year from such date. We find nothing in the evidence indicating that the defendant ever met the burden placed upon it by the contract.

Perceiving no error in the trial, the judgment must be affirmed.

*Affirmed.*